UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | ) | CRIM. NO. 04-30055-MAP |
|  | ) |  |
|  | ) | VIOLATIONS: |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) | 21 U.S.C. § 841(a)(1) - |
|  | ) | Distribution and Possession |
|  | ) | with Intent To Distribute |
|  | ) | Cocaine (Count One) |
|  | ) |  |
|  | ) | 21 U.S.C. § 860 - |
|  | ) | Distribution and Possession |
|  | ) | with Intent to Distribute |
|  | ) | Cocaine within 1000 Feet of |
|  | ) | School Property (Count Two) |
|  | ) |  |
|  | ) | 18 U.S.C. §922(g)(1) - |
| v. | ) | Possession of a Firearm by a |
|  | ) | Convicted Felon (Count Three) |
|  | ) |  |
|  | ) | 18 U.S.C. §922(g)(1) - |
|  | ) | Possession of Ammunition by a |
|  | ) | Convicted Felon (Count Four) |
|  | ) |  |
|  | ) | 18 U.S.C. § 924(c) - |
|  | ) | Possession of a Firearm in |
|  | ) | Furtherance of a Drug |
|  | ) | Trafficking Crime (Count Five) |
|  | ) |  |
| KACEY JONES, | ) | 18 U.S.C. § 2 - |
| Defendant. | ) | Aiding and Abetting |

INDICTMENT

The Grand Jury charges that:

COUNT ONE:    Title 21, United States Code, Section 841(a)(1) -
              Distribution and Possession with the Intent to
              Distribute Cocaine; Title 18, United States
              Code, Section 2, Aiding and Abetting

   1.   On or about March 22, 2004, in Hampden County, in the
District of Massachusetts,

**KACEY JONES,**

Defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

    All in violation of Title 21, United States Code, Section 841(a)(1); and Title 18, United States Code, Section 2.

<u>COUNT TWO</u>: Title 21, United States Code, Section 860, Distribution and Possession with Intent to Distribute Cocaine within 1000 Feet of School Property; Title 18, United States Code, Section 2, Aiding and Abetting

On or about March 22, 2004, in Springfield, in the District of Massachusetts,

**KACEY JONES**,

did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance within 1000 feet of the real property comprising the Robert M. Hughes Academy (a public, elementary school).

All in violation of Title 21, United States Code, Section 860; and Title 18, United States Code, Section 2.

<u>COUNT THREE</u>:   **Title 18, United States Code, Section 922(g)(1) - Possession of a Firearm by a Convicted Felon**

On or about March 22, 2004, in Hampden County, in the District of Massachusetts,

**KACEY JONES,**

defendant herein, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly did possess, in or affecting interstate commerce, the following firearm:

- .45 caliber Ruger brand Revolver bearing serial number 57-36553

All in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT FOUR</u>:     **Title 18, United States Code, Section 922(g)(1) - Possession of Ammunition by a Convicted Felon**

On or about March 22, 2004, in Hampden County, in the District of Massachusetts,

**KACEY JONES,**

defendant herein, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly did possess, in or affecting interstate commerce, the following ammunition:

- Six .45 caliber live cartridges of ammunition

All in violation of Title 18, United States Code, Section 922(g)(1).

**COUNT FIVE**:   Title 18, United States Code, Section 924(c)(1)(A) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime

   1.   On or about March 22, 2004, in Springfield, Massachusetts,

**KACEY JONES**,

Defendant herein, did knowingly and intentionally, use and possess a .45 caliber Ruger Revolver, in furtherance of a drug trafficking crime, namely, Distribution and Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

   All in violation of Title 18, United States Code, Section 924(c)(1).

6

**FORFEITURE ALLEGATION**
(21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Count One of this Indictment,

**KACEY JONES,**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses including, but not limited to, the following:

    (a) $490.00 in United States Currency.

2. If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendant -

- (a) cannot be located upon the exercise of due diligence;
- (b) has been transferred or sold to, or deposited with, a third party;
- (c) has been placed beyond the jurisdiction of the Court;
- (d) has been substantially diminished in value; or
- (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

9

**Notice of Additional Factors for Count One**

The GRAND JURY further finds that:

1. Defendant Kacey Jones is responsible for at least 3 grams but less than four grams of cocaine base, a Schedule II controlled substance. Accordingly, U.S.S.G. §2d1.1(c)(9) is applicable to this Defendant.

7

### Notice of Additional Factors for Count Three

The GRAND JURY further finds that:

1. Defendant, Kacey Jones, possessed a stolen firearm. Accordingly, USSG § 2K2.1(b)(4) applies to this case.

2. Defendant, Kacey Jones, possessed a firearm in connection with another felony. Accordingly, USSG § 2K2.1(b)(5) applies to this case.

3. Defendant, Kacey Jones, committed the offense alleged in Count Three while he was on probation, being supervised by the Hampden County Superior Court Probation Department, for a criminal conviction. Accordingly, USSG §4A1.1(d) applies to this case.

4. Defendant, Kacey Jones, committed the offense alleged in Count Three less than two years after his release from imprisonment for a sentence that exceeded sixty days. Accordingly, USSG §4A1.1(e) applies to this case.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS: _____December 28_____, 2004

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK OF THE COURT