# United States District Court
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF DETENTION PENDING TRIAL |
| v. | |
| KACEY JONES | CASE NUMBER: 04-30055-MAP |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the defendant pending trial.

### Part One - Findings of Fact

9  (1) The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    9  a crime of violence as defined in 18 U.S.C. §3156(a)(4).
    9  an offense for which the maximum sentence is life imprisonment or death.
    9  an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.[1]
    9  a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
9  (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.
9  (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.
9  (4) Findings Nos. 1 and (2) (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings

9  (1) There is probable cause to believe that the defendant has committed an offense
    9  for which a maximum term of imprisonment of ten years or more is prescribed in _____.[2]
    9  under 18 U.S.C. §924(c).
9  (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

9  (1) _____
9  (2) _____
9  (3) There is a serious risk that the defendant will flee.
9  (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure or intimidate a prospective witness or juror).

### Part II - Written Statement of Reasons for Detention

I find credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence that Defendant has waived the issue of detention at this time, and is currently serving a state sentence. Defendant is expected to complete his sentence in March, 2005. Defendant may file a motion to reopen the issue of detention at such time as his release from state custody is imminent.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of a attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Date:  02/23/05          /s/ Kenneth P. Neiman
                                          KENNETH P. NEIMAN, U.S. Magistrate Judge

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of September 15, 1980 (21 U.S.C. §955(a).

[2] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of September 15, 1980 (21 U.S.C. §955(a).

[3] "The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. §3142(f). See 18 U.S.C. §3142(g) for the factors to be taken into account.