UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                      ) | 04-30044-MAP |
| ) | |
| KACEY JONES              ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO SUPPRESS (Warrantless Entry-Search)

      The defendant alleges the Springfield Police Department on 3/22/04 violated the defendant's rights as guaranteed under both the State and Federal constitutions. The Springfield Police responded to a dispatch which was generated from a phone call by an individual who indicated she had been present at the location to be searched and reported that a person, the defendant, was an unwanted guest who had a gun and was dealing drugs. The person making the phone call was unknown to the police, sounded to be perhaps under the influence, and claimed to be calling for the resident of the apartment (William Cubi).

      The Springfield Police proceeded to go to the apartment in question and allege being allowed entry by the person who rented the apartment, William Cubi. The defendant asserts no such consent was given by the person who rented the apartment or any other person including the defendant. The defendant further asserts there was no exception to the warrant requirement allowing the police to enter the apartment without consent and search the area.

      The defendant has standing to raise the issues articulated in his motion as he was a guest at the apartment of William Cubi. The defendant had been staying with William Cubi for at least one to two months. An individual staying with, or living with the legal owner or renter of a home, has a legitimate and recognized expectation of privacy in the home and standing to challenge a warrantless search of that home. U.S. v. Weidul, 325 F. 3rd 50, 52 (1st cir.)(Maine) 2003). See also Minnesota v. Olson, 495 U.S. 91, 99-100 (1990) (Overnight guests have legitimate expectation of privacy in their hosts home)

1

Having established standing to raise the issues articulated in the defendant's motion, the defendant asserts, as well established principle, that the Fourth Amendment protections are applied most vigorously with respect to an individuals' home. Kyllo v. United States, 533 U. S. 27, 31 (2001). Accordingly, a "warrantless police entry into a residence is presumptively unreasonable unless it falls within the compass of one of a few well delineated exceptions." United States v. Romain, 393 F. 3rd 63, 68 (1st cir. 2004). Clearly, a valid and legal consent to enter will do away with the necessity of getting a search warrant. Beyond the consent exception to the warrant requirement are others bundled together under the heading of "exigent circumstance exceptions". See U.S. v. Martins, F 3rd (1st cir.) (Mass. 6/27/05). Although the Martins court mentioned four different types of exigent circumstances, articulated to be "not an exclusive compendium", the defendant believes the government can only rely on the possible threat posed by a suspect to the lives and safety of the public, the police or to themselves. See Martins, supra citing Hegarty v. Somerset County, 53 F. 3rd 1367, 1374 (1st cir. 1995), see also United States v. Tibolt, 72 F. 3rd 965, 969 (1995).

When relying on entry without a warrant under exigent circumstances the government must establish both the existence of probable cause and exigent circumstances. Tibolt, supra at 969. The existence of exigent circumstances only, however, does not excuse the probable cause requirement to search the area in question. U.S. v. Johnson, 9 F. 3rd 506, 509 (6th cir. 1993). In addition, the police may not create an exigent circumstance and then rely upon its existence to justify a warrantless search. Martins, supra, U.S. v. Curzi, 867 F. 2nd 36, 43 n. 6 (1st cir. 1989).

The defendant asserts in this case the police wrongfully created the impression the renter of the apartment (William Cubi) actually made a phone call to the police and requested the police to arrive and remove the defendant. In fact, a review of the 911 tape and dispatch materials indicates it would have been clear to the responding officers that a third party, not Cubi, made the phone call. Thus, the situation was present which called for an evaluation at the scene to determine exactly what was going on and assure the call was for a legitimate police purpose. In both Martins, supra, and Tibolt, supra, the police evaluated the scene before entering to determine the necessity of their presence and assess the true nature of the call to determine if police entry without a warrant was justified. The burden necessary to prove the existence of

exigent circumstances is a heavy one, and will not easily be met by the government. Welsh v. Wisconsin, 466 U.S. 740, 749-50 (1984).

Under the two prong analysis the government needs to demonstrate both probable cause and exigent circumstances; probable cause for a warrantless search will be found to have been present if officers at the scene possess reasonably trustworthy information sufficient to warrant a belief that a criminal offense had been or was being permitted. Tibolt, supra.at 969. In this case there certainly was no reasonably trustworthy information based upon the phone call to the police from an unknown and perhaps intoxicated individual. In addition, the police did nothing at the scene to assess the situation in order to coorborate information from the phone call and/or determine the status of the situation.

The government can only demonstrate exigent circumstances justifying the warrantless search if it is shown that officers confronted a situation with a compelling necessity for immediate action. Tibolt, supra at 69 citing U.S. v. Wilson, 36 F. 3rd 205, 209 (1st cir. 1994). The defendant asserts no such situation occurred in this case as it is alleged by the defendant the police simply used their show of authority to enter the premises and search without consent.

The defendant is asserting there was no valid consent in this case because the evidence will show the renter of the apartment was simply overwhelmed by the police presence and authority and did not block police from coming in. The defendant asserts the police simply walked in the house, after the door was opened by Mr. Cubi, and then began looking around after they ordered Mr. Cubi to be seated. The defendant asserts the police did not ask who opened the door, ask anyone their names, or determined if anyone had called for the police. The defendant asserts there were other people in the apartment, including the defendant, and none had given consent to enter. The voluntariness of a consent is not established simply by showing a person acquiesced, even by verbalizing some sort of agreement to the police. Weidul, supra at 54. Consent must be voluntary to be valid. United States v. Perez-Montenez, 202 F. 3rd 434, 438 (1st cir. 2000). Whether a consent is voluntary is to be determined by examining the totality of circumstances, including the interaction between the police and the person alleged to have given consent. Weidul, supra at 53 and cases cited.

As the defendant asserts the police neither had probable cause or exigent circumstances,

3

both being separately and specifically necessary, the entry was illegal unless a valid consent can be shown.

Further, without a valid consent, the illegal entry causes the government to be unable to rely upon any protective sweep or plain view analysis under the circumstances. In order to put reliance on a protective sweep theory it must be established that police did not enter illegally. Martins, supra citing United States v. Gould, 364 F. 3rd 578, 584 - 587 (5th cir. 2004). Clearly, any plain view analysis must also rest on the fundamental inquiry of whether the police were lawfully in a position to observe certain things or items. Horton v. California, 496 U.S. 128 (1990). In addition to being legally on the premises in order to rely upon a protective sweep theory, the government must also show such a sweep was necessary based upon articuable facts and inferences drawn which would warrant a belief the area harbored an individual posing a danger. Maryland v. Buie, 494 U.S. 325, 327 (1990). In this case there was no such reasonable belief because the police did nothing to assess any of the facts beyond acting on a questionable call to the police.

                                    THE DEFENDANT

BY: _____
Mark G. Mastroianni, Esq.
95 State Street, Suite 309
Springfield, MA. 01103
(413) 732-0222
BBO #556084

4