UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 04-CR-30055-MAP |
| | ) | |
| KACEY JONES, | ) | |
| Defendant | ) | |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO SUPPRESS
(Docket No. 21)

November 8, 2005

PONSOR, U.S.D.J.

    Defendant, who is charged with serious drug and firearms offenses, has moved to suppress evidence found by the police during a search on March 22, 2004 of an apartment at 49 School Street, where he was living as a guest. On October 20, 2005, the court heard testimony bearing on the motion from seven witnesses. Having now had an opportunity to consider this evidence, the motion will be denied.

    The facts, based upon the credible evidence at hearing, are as follows. On March 22, 2004 at approximately 6:40 a.m. Springfield police received a phone call from an obviously frightened individual about criminal activity at 49 School Street. The caller indicated that there was "a

black guy" who had been "hanging in that apartment for a while," and that he was "trying to take over because . . . he sells his drugs . . ." Government's Exhibit 1, at 1. The caller, who identified herself by name, indicated that the "black guy" had a gun in his waist, that he had hit the tenant of the apartment, and that she was calling on behalf of this tenant, whose name was William Cubi. Id. at 1-2.

The police operator who took the call asked the caller: "if the cops knock on the door is Mr. Cubi gonna let them in?" To this, the caller replied, "Oh yes, oh yes, but like I said . . . he's in the window . . . ." Id. at 2-3. She described the black male as about 21 or 22 years old, wearing blue jeans and a dark blue silk jacket over a black hoodie. She said that he was heavy-set and approximately 200 pounds.

In response to this call, two Springfield Police cruisers proceeded immediately to the 49 School Street address. Two police officers, arriving in one cruiser, went to the back door, Officer Eric Ganley and Officer Michael Sedergren. In response to a knock, William Cubi opened the back door, said "Come on in," and gestured towards the front

of the apartment. He appeared frightened, but relieved that the officers had arrived.

Officer Ganley stayed in the back of the apartment to keep an eye on some third parties who were present, while Officer Sedergren proceeded to the front door to let two other Springfield police officers enter the front of the apartment.

One of the entering officers, Michael Trombley, moved down a hallway in the apartment, conducting a protective sweep to discover who else might be on the premises. He found a bathroom with the door slightly open, looked in, and recognized a black male seated on the toilet who fit the description given by the caller. The individual was holding an open pocket knife in his left hand.

Trombley entered the bathroom and instructed this individual, who was eventually identified as the defendant Kacey Jones, to drop the knife. As Jones complied, the officer noticed a handgun wrapped in a cloth on a towel rack within two or three feet of the defendant. While the defendant was being subdued, the officer also noticed him dropping something into the toilet.

A subsequent search revealed that the item dropped into the toilet appeared to be crack cocaine. This was later confirmed by a chemist. The firearm and drugs form the heart of the evidence the government intends to offer at trial against the Defendant.

Given the information supplied by the caller, the officers were perfectly justified in proceeding to the apartment and knocking on the door. The tenant of the apartment, William Cubi, invited the officers in, eliminating the need for any warrant. The protective sweep of the premises was fully justified, particularly where the officers were given information that someone in the apartment might be carrying a firearm. During the protective sweep, the drugs and firearm were located in plain view.

Contrary testimony offered by William Cubi and others who were present at the apartment at the time, suggesting that the officers did not have permission to enter, was not credible. These individuals indicated that they had been up all night drinking and smoking crack. Mr. Cubi in particular testified that he "barely" remembered the

incident. Moreover, the government offered evidence of Mr. Cubi's concern that he might become the target of reprisals if he were viewed as cooperating with the police.

In sum, the credible evidence all confirms that no Fourth Amendment violation occurred during the search of 49 School Street on March 22, 2004. All the evidence obtained during that search will therefore be fully admissible at trial. The Motion to Suppress is hereby DENIED.

In accordance with the court's order at the conclusion of the hearing, counsel will appear before this court on November 16, 2005 at 1:00 p.m. for a status conference to determine a date for trial.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge