UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) NO.  04-30055-MAP |
| | ) |
| KACEY   JONES | ) |

**MOTION FOR ORDER GRANTING ACCESS FOR REVIEW OF TELEPHONE CALLS PRESERVED ON COMPACT DISCS.**

Now comes the defendant and respectfully requests this Honorable Court to order the Souza Baranowski Correctional Center, Shirley, MA 01064 to allow the above named defendant to listen to several compact discs which contain recordings made of his telephone conversations which the Government plans on introducing at the trial of his case.

As grounds for this request the defendant states the compact discs were turned over to the defendant as part of discovery. The discs are of phone conversations the defendant made while he was incarcerated at the Hampden County House of Correction and are proof necessary for the Government to produce at his trial. The defendant was provided with his own copy of the compact discs by counsel, however, the defendant has not been allowed to listen to these recordings. The defendant has stated that he was informed by the Baranowski Correctional Center that they would not give him access to a compact disc player in order to listen to this evidence against him.

The defendant states it is necessary for him to listen to these discs so he can participate in his defense by knowing what the evidence is against him.

In a letter dated 11/17/05 counsel requested the superintendent at the Baranowski Correctional Center to allow the defendant to listen to these C.D.s (letter attached). To date no response to the letter has been received.

DEFENDANT

BY: /s/ Mark G. Mastroianni
Mark G. Mastroianni, Esq.
95 State Street - Suite #309
Springfield, MA 01103
(413) 732-0222
BBO #556084

November 17, 2005

Superintendent Edward Ficco
Souza Baranowski Correctional Center
P.O. Box 8000
Shirley, MA 01464

RE:   United States v. Kacey Jones
      04-CR-30055-MAP

Dear Superintendent Ficco,

    Please be advised I represent the above named in a criminal case pending against him in the United States District Court for the District of Massachusetts (Springfield). Mr. Jones is presently being held at your facility while serving a state sentence out of the Hampden County Superior Court.

    The U.S. Marshal Service has arranged for this individual's attendance at his Federal Court Hearings. Mr. Jones has indicated that he has had some difficulty in reviewing some of the evidence against him in the Federal case due to the unavailability of a compact disc player at the facility. A portion of the evidence in this case is included on several CDs which the defendant has a need to listen to in order to participate in the defense of the Federal case.    I believe the total length of the CDs are in the area of 2 to 3 hours.

    I have not sought any relief from the Federal judge overseeing this case, but rather thought this was a matter I should address with you to determine if there was some arrangements that can be made so that Mr. Jones could have access to a CD player. Mr. Jones indicates that your facility presently does have those CDs as they were part of his property transferred from the

House of Correction when he began serving his state prison sentence in your facility.

    If you have any questions or concerns regarding this matter, please feel free to contact my office as I would very much like to work out an arrangement that is within the rules and procedures of your correctional facility.

    Please advise me as to your position on this matter.

                                  Sincerely yours,

                                  Mark G. Mastroianni

MGM/mla

November 17, 2005

Kacey Jones
S.B.C.C.
P.O. Box 8000
Shirley, MA 01464

Dear Kacey,

      While I was in State Court recently, Jay Washington happened to be in the lock-up for his State case. He indicated to me that he did not want to testify any further in your matter including at trial. Mr. Washington indicated to me there were serious issues regarding his incriminating himself and therefore he did not want to testify although he regretted that the could not help you any further. Although Mr. Washington was not very detailed I believe his changing his position had something to do with the issue of his actual presence in the apartment at or around the time in question.

      I obviously do not know all the details and will wait for you to write me back with what you know about this situation. However, I am sure you appreciate that I can not and will not present any evidence or fashion a defense which is based on perjured testimony.

      So that we can make an intelligent and informed decision about how to proceed at trial, it is important for you to fill me in with any information regarding the Jay Washington situation. It was jay Washington who originally gave us the information that "Moya " had said she also knew that Cubi had the gun and that Cubi had told her of that fact. Presently we are looking for "Moya". I am concerned if this particular lead regarding this unknown woman is affected by what is going on with Jay Washington. Accordingly, I must know if this individual named "Moya" was really present, and if she does have actual knowledge of Cubi's possession of a gun and if Cubi ever did have the gun.

      Look forward to hearing from you soon.

                                Sincerely yours,

                                Mark G. Mastroianni

MGM/mla

Case 3:04-cr-30055-MAP    Document 35-2    Filed 11/29/2005    Page 4 of 4