

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
*District of Massachusetts*

FILED
IN CLERK'S OFFICE
2006 JUL 10 P 1: 15
U.S. DISTRICT COURT
DISTRICT OF MASS.

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

May 28, 2006

Mark Mastroianni, Esq.
95 State Street
Springfield, MA 01103

    Re:  United States v. Kacey Jones
         Criminal No. 04-30055-MAP

Dear Attorney Mastroianni:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Kacey Jones ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    On June 26, 2006, or at the earliest practicable date thereafter, the Defendant shall plead guilty to Count One of the Indictment. The Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed this crime, and is in fact guilty of this offense. The government agrees to dismiss, at the Defendant's sentencing hearing, Counts Two, Three, Four, and Five, of the pending indictment in exchange for the Defendant's plea to Count One.

    2.    <u>Penalties</u>

    The Defendant faces the following maximum penalties as to Count One of the Indictment,

- Maximum sentence of 20 years in prison
- Not less than three years of supervised release
- Not more than $250,000 fine
- $100.00 special assessment

        administration of justice under U.S.S.G. § 3C1.1;

  (g)  Intentionally fails to appear in Court or violates any condition of release;

  (h)  Commits a crime; and/or

  (i)  Transfers any asset protected under any provision of this Agreement.

The Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Agreed Disposition</u>

The U.S. Attorney and the Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

  (a)  incarceration of 120 months;

  (b)  forfeiture of $490.00;

  (c)  supervised release for three years;

  (d)  fine of $12,500.00, unless the court finds the Defendant lacks the ability to pay; and,

  (e)  mandatory special assessment of $100.

5. <u>Payment of Mandatory Special Assessment</u>

The Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that the Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution, Forfeiture and Fine</u>

The Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

The Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without

3

prior express written consent of the U.S. Attorney.

This prohibition shall be effective as of the date of the Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing incurred as a result of the conduct charged in the Indictment is satisfied in full.

The Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

The Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. The Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge such as pursuant to a motion under 28 U.S.C. § 2255.

In consideration of the concessions made by the U.S. Attorney in this Agreement, the Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) The Defendant's guilty plea and any other aspect of the Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of the sentence agreed to by the parties, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the parties with regard to the application of the U.S. Sentencing Guidelines or application of minimum mandatory sentences.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or re-sentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

The Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges

4

based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8.  Probation Department Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. The Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). The Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or the Defendant. In this regard, the Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

9.  Forfeiture

The Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. 853 as a result of his guilty plea. The assets to be forfeited specifically include (1) $490.00; (2) one Ruger .45 caliber pistol, bearing serial number 57-36553); and, (3) six rounds of .45 caliber ammunition.

The Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of the Defendant's unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Count One of the Indictment. The Defendant therefore consents to the forfeiture of all of the Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

The Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. The Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney and, as applicable, the U.S. Drug Enforcement Administration, to transfer possession of, and clear

5

title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the government to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the Indictment.

The Defendant hereby acknowledges and agrees that the United States is not limited to forfeiture of the assets specifically listed in this section. If the U.S. Attorney determines that any directly forfeitable assets of Defendant cannot be located upon exercise of due diligence, or have been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, then the United States shall be entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the directly forfeitable assets fitting any of the categories described in this sentence.

In addition to all other waivers or releases set forth in this Agreement, the Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

The Defendant hereby waives and releases any and all claims he may have to any currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, the Defendant hereby specifically waives and releases his claims to $490.00 seized by the Springfield Police Department on or about March 22, 2004.

The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement

6

of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

10. <u>Information For Presentence Report</u>

The Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

11. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which the Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

12. <u>Withdrawal of Plea By the Defendant</u>

Should the Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

13. <u>Breach of Agreement</u>

If the U.S. Attorney determines that the Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.

Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

14. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have the Defendant sign the Acknowledgment of Agreement below. Please also sign below as the Witness. Return the original of this letter to Assistant U.S. Attorney Paul Hart Smyth.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
LAURA KAPLAN
Chief of the Violent and
Organized Crime Section

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_Kacey Jones_
Kacey Jones
Defendant

Date: 7/10/06

I certify that Kacey Jones has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_Mark Mastroianni_
Mark Mastroianni, Esq.
Attorney for Defendant

Date: 7/10/06