```
 1              UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
 2                   WESTERN SECTION

 3

 4
     ...........................
 5   UNITED STATES OF AMERICA  .
                               .    No. 04cr30055-map
 6    v.                       .
                               .
 7   KACEY JONES                .
     ...........................
 8

 9

10       BEFORE THE HONORABLE MICHAEL A. PONSOR,
              UNITED STATES DISTRICT JUDGE,
11                 SENTENCING HEARING
                    October 19, 2006.
12

13

14   APPEARANCES:

15
     For the government:  Paul Smyth, Assistant U.S. District
16          Attorney, 1550 Main Street,
            Springfield, MA 01103.
17

18   For the defendant:  Mark Mastroianni, 95 State Street,
            Springfield, MA 01103.
19

20
               Alice Moran, CSR, RPR, RMR
21             Official Federal Court Reporter
               1550 Main Street, Room 536
22             Springfield, MA 01103
         Tel: (413)731-0086  Fax: (413)737-7333
23             alice.moran@verizon.net

24

25
```

PDF created with pdfFactory trial version www.pdffactory.com

1        (Court commenced at 2:12.)
2
3        THE CLERK:  This is Criminal Case 04-30055-map,
4    the United States versus Kacey Jones.
5        THE COURT:  We are here this afternoon for the
6    sentencing of the defendant, Kacey Jones, following his
7    plea of guilty to one count of distribution and
8    possession with intent to distribute cocaine base, also
9    known as crack cocaine.
10       I understand after this sentencing that the
11   government's intention is to move to dismiss Counts 2, 3,
12   4 and 5 of the indictment.
13       I would like to begin by just noting what I have
14   reviewed in preparation for today's sentencing hearing.
15   I've, of course, read the presentence report.
16       I have read with great interest and great respect
17   the extraordinarily loving letters that have been
18   submitted in support of Mr. Jones here by the defendant's
19   mother, Rosalyn Bryant; the defendant's nephew, Shamod
20   Jones; his sister, Rosalyn Washington; his sister,
21   Tiffiny Jones, and Mavarius Jones, the defendant's
22   nephew.
23       These letters are really a testament to what a
24   loving and supportive group of family members Mr. Jones
25   has, and I assume that some of the people whose names

```
 1    I've just read are here in the courtroom today to show
 2    their support for Mr. Jones.  Those are the letters that
 3    I've read.
 4         The sentencing, for better or worse, is quite
 5    straightforward here this afternoon.  I understand there
 6    have been no objections filed to the presentence report
 7    by either side.  And hearing that I'm not incorrect from
 8    anyone, I want the record to reflect that, there being no
 9    objections, I incorporate into this sentencing proceeding
10    all of the details of the presentence report.
11         I don't feel it necessary to recite every single
12    detail of the presentence report.  I have, however, read
13    the presentence report very carefully, and I have all of
14    its specifics in mind as I go forward with my sentencing
15    responsibility here today.
16         Most particularly, I have in mind that this is a
17    plea and sentencing proceeding subject to the provisions
18    of Rule 11(e), in which both the government and the
19    defense entered into an agreement for a particular
20    sentence and that particular sentence is 120 months or
21    ten years in prison.
22         That's a tough sentence for anyone to have to serve,
23    but I can't help observe or note that it represents a
24    terrific job of advocacy by Mr. Mastroianni and a
25    willingness on the part of the government to negotiate
```

PDF created with pdfFactory trial version www.pdffactory.com

1  with generosity and flexibility with defense counsel.
2      The charges in -- the original five group of
3  charges, if the defendant had gone to trial and had been
4  found guilty, he would have been facing a sentence of at
5  least twenty years.  There is no discretion on my part.
6      There was a fifteen-year minimum-mandatory sentence,
7  plus a five-year sentence that was on and after that
8  which was mandatory.  I wouldn't have had any discretion.
9  That would have been twenty years if the defendant had
10 been found guilty of the five offenses he was charged
11 with.
12     The Sentencing Guidelines I haven't calculated them
13 but I understand they would have been higher than the
14 twenty years.  So the defendant was looking at the
15 potential of a sentence that would really almost be a
16 life-extinguishing sentence in terms of the number of
17 years that Mr. Jones would have had to go away for.
18     Instead, although this is a tough sentence and a
19 heavy sentence, the sentence does give Mr. Jones some
20 hope and the existence of the family members, who care so
21 much for him, gives him even greater hope I hope.
22     Mr. Jones just turned 26 back in August.  This
23 sentence -- the defendant has already been in custody a
24 little over two years.  With good time, he may be out in
25 seven years or so and will still be a young man with a

1  great deal of his life ahead of him, and I hope that Mr.
2  Jones is able to enjoy his loved ones and pick up with
3  his life once this sentence is over.
4       Certainly as I was considering whether to approve
5  this sentence, which is despite being ten years a
6  relatively modest sentence for the sorts of offenses that
7  Mr. Jones was looking at, I was impressed by the letters.
8  They really made a difference to me because they showed
9  that there's a big side of Mr. Jones that isn't described
10 in his criminal record but is part of his personality as
11 a generous and helpful person who really cares for his
12 family members.
13      I really think that once this sentence is behind
14 him, I really hope, Mr. Jones, you'll get a chance to
15 enjoy that side of life for the rest of your life.
16      I'm talking for too long but this is not an easy
17 situation.  I don't know that there's really too much to
18 be said.  I am going to accept the plea agreement here,
19 and it is my inclination to impose the sentence that both
20 the government and the defense have agreed upon, unless
21 there's something that I hear over the next few minutes
22 that makes me change my mind.
23      I'll hear first Mr. Smyth and then Mr. Mastroianni,
24 and, Mr. Jones, then if you wish to say something before
25 I make my final decision, I'd be happy to hear anything

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| 1 | you have to say. |
| 2 | Mr. Smyth. |
| 3 | MR. SMYTH:  Your Honor, briefly I would ask |
| 4 | you to impose the sentence agreed upon recommendation. |
| 5 | We did have some obstacles with our case and the |
| 6 | defendant did have some exposure, some serious exposure. |
| 7 | As you have outlined, I think this is a fair resolution |
| 8 | to the case.  I'd ask you to impose the 120 months' |
| 9 | incarceration and order forfeiture of $490 and supervised |
| 10 | release for three years.  Thank you. |
| 11 | THE COURT:  Mr. Mastroianni, did you want to |
| 12 | say anything? |
| 13 | MR. MASTROIANNI:  Briefly, Your Honor.  We |
| 14 | would ask you to accept the agreed recommendation.  We |
| 15 | would ask you to find the defendant lacks the ability to |
| 16 | pay any fine. |
| 17 | We would also -- or I would add just two footnotes |
| 18 | that the defendant wants me to bring to the court's |
| 19 | attention.  Number one, he feels that he may be aggrieved |
| 20 | by a finding by the Bureau of Prisons relative to credit |
| 21 | for time served. |
| 22 | You noted that he had been held for over two years. |
| 23 | Kind of mixed throughout that two years were various |
| 24 | state court issues that -- |
| 25 | THE COURT:  I see. |

PDF created with pdfFactory trial version www.pdffactory.com

|||
|---|---|
| 1 | MR. MASTROIANNI: -- had him held, and he is |
| 2 | quite concerned that he will get an unfavorable |
| 3 | determination from the Bureau of Prisons regarding what |
| 4 | that credit is, and he simply wants to make a record of |
| 5 | that, should he seek some judicial relief down the road |
| 6 | that he's raised that issue. |
| 7 | He's also asked me to indicate to the court that it |
| 8 | would be his preference, if you should choose to |
| 9 | recommend a facility, that he be designated to Fort Dix, |
| 10 | Your Honor. |
| 11 | THE COURT: What state is Fort Dix in? |
| 12 | PROBATION OFFICER: New Jersey. |
| 13 | THE COURT: I have no problem making the |
| 14 | recommendation. |
| 15 | MR. MASTROIANNI: Thank you, Your Honor. |
| 16 | THE COURT: I want the record to reflect that |
| 17 | nothing in this proceeding would in any way limit the |
| 18 | defendant's ability to object to any calculation of good |
| 19 | time made by the Bureau of Prions. I don't calculate it. |
| 20 | It's not part of my job. I just impose the sentence and |
| 21 | then the Bureau of Prisons goes through its process. |
| 22 | I'm not sure what the rights of a defendant are to |
| 23 | protest the method by which the calculation of good time |
| 24 | is done, but I have no opinion on that, and whatever |
| 25 | rights the defendant has with regard to that have been |

1  saved.
2  I notice here on the presentence report -- everybody
3  notices.  It's right on the front page of the presentence
4  report -- that there is a portion of the time here that
5  the defendant has been in custody starting in March of
6  2004, which at least on the face of the presentence
7  report indicates that he was serving an unrelated state
8  sentence.
9  That's something that the Bureau of Prisons is going
10 to have to work out.  I have no opinion about it one way
11 or another, and, as I say, it's not part of my job to
12 make those decisions.  The defendant should be entitled
13 to whatever amount of credit he's entitled to, whatever
14 that may be, against the sentence that I'm about to
15 impose.
16 I certainly will make the recommendation of Fort
17 Dix, and I will also decline to impose a fine based upon
18 the defendant's financial condition.
19 Mr. Jones, you have a right to speak if you wish to
20 before I make my final decision.  You don't have to feel
21 as though you have to speak.  I'm not going to hold it
22 against you if you don't speak, but if you would like to
23 say something, I'd be happy to hear anything you have to
24 say.
25         MR. MASTROIANNI:  Thank you for the

1  opportunity.  My client chooses not to say anything, Your
2  Honor.
3          THE COURT:  All right.  Very good.
4      Here is the sentence then that I'm going to impose.
5  It is as follows:  Pursuant to the Sentencing Reform Act
6  of 1984, and having considered the sentencing factors
7  enumerated at 18 U.S. Code Section 3553(A), and also
8  having considered the plea agreement and the fact that
9  this plea agreement is under the provisions of Rule 11(e)
10 of the Federal Rules of Criminal Procedure, I accept the
11 agreement between the government and the defense with
12 regard to the appropriate sentence.
13     It is now my judgment that the defendant, Kacey
14 Jones, be committed to the custody of the Bureau of
15 Prisons to be imprisoned for a term of 120 months.
16     I do make a recommendation that the defendant serve
17 this sentence in the facility in Fort Dix, New Jersey.  I
18 also recommend that the defendant participate in
19 counseling programs, including anger management, if
20 available, at the facility that the Bureau of Prisons
21 eventually designates him to.
22     Upon release from imprisonment, the defendant will
23 be placed on supervised release for a term of three
24 years.  Within 72 hours of release from custody of the
25 Bureau of Prisons, the defendant shall report in person

1   to the district to which he is released.
2       I am not going to impose any fine because I find
3   that the defendant lacks the financial resources to pay
4   any such fine, and I am also going to order the
5   forfeiture of -- is it $490?
6       MR. SMYTH:  Yes, Your Honor.
7       THE COURT:  -- $490 that was seized from the
8   defendant as part of the investigation.
9       There are certain conditions of supervised release
10  which Mr. Jones will have to follow during his three
11  years of supervised release.  First, he shall not commit
12  any other federal, state, or local crime.
13      Next, he shall refrain from any illegal possession
14  or unlawful use of a controlled substance.  He shall
15  submit to one drug test within 15 days of release from
16  imprisonment and at least two periodic drug tests
17  thereafter, which are automatic, but those periodic drug
18  tests may go as high as 104 tests per year or twice per
19  week if the probation office feels they are necessary.
20      Mr. Jones will also submit to the collection of a
21  DNA sample as directed by the probation office.  The
22  collection of this DNA sample is automatic in all federal
23  cases at this time.
24      Also, Mr. Jones will comply with the standard
25  conditions that have been adopted by the court which are

PDF created with pdfFactory trial version www.pdffactory.com

1  described at Section 5D1.3(c) of the Sentencing
2  Guidelines and which will be set forth in detail in the
3  written judgment.
4      Mr. Jones is specifically prohibited from possessing
5  any type of firearm, destructive device, or dangerous
6  weapon.
7      He is also to participate in a program for substance
8  abuse counseling as directed by the probation office
9  during his three-year period of supervised release.  This
10 program of substance abuse counseling may include testing
11 not to exceed, as before, 104 tests per year to determine
12 whether he has reverted to the use of drugs.
13     The defendant will be required to contribute to the
14 cost of this drug counseling, to the extent that he has
15 the ability to pay for it, or to the extent that some
16 insurer or other third party may be available to pay.
17     I'm also going to require that the defendant during
18 this period of supervised release participate in a
19 mental health treatment program to include anger
20 management as directed by the probation office.
21     The defendant will contribute to the costs of these
22 services again based upon his ability to pay or the
23 availability of some insurance coverage or other
24 third-party payment.
25     The defendant shall use his true name and is

1   prohibited from the use of any false identifying
2   information which includes, but is not limited to, any
3   aliases, false dates of birth, et cetera.
4         I also order the defendant pay the United States a
5   special assessment of $100 which shall be due
6   immediately.
7         The defendant will be remanded as before to the
8   custody of the United States Marshal to be held by them
9   pending designation of the facility that will be housing
10  Mr. Jones by the Bureau of Prisons.
11        Mr. Jones, you have a right to appeal this sentence.
12  The fact that you have pled guilty does not deprive you
13  of the right to appeal this sentence.  If you cannot
14  afford an attorney to assist you with an appeal, one will
15  be appointed who will represent you and who will be paid
16  out of public funds.
17        I hope this sentence will in fact move the defendant
18  through what I'm sure will be a difficult few years but
19  will eventually get him back to his family as a young man
20  and with a lot of his life still ahead of him.
21        If there's nothing further, the court will be in
22  recess.
23            MR. MASTROIANNI:  Thank you, Your Honor.
24            THE COURT:  Thank you.
25                (Court recessed at 2:27.)

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| 1 | **C E R T I F I C A T E** |
| 2 | |
| 3 | |
| 4 | I, Alice Moran, Official Federal Court Reporter for |
| 5 | the United States District Court for the District of |
| 6 | Massachusetts, do hereby certify that the foregoing |
| 7 | transcript is a true and accurate transcription of my |
| 8 | stenotype notes taken in the aforementioned matter to the |
| 9 | best of my skill and ability. |
| 10 | |
| 11 | |
| 12 | |
| 13 | /s/ Alice Moran |
| 14 | Alice Moran, CSR, RPR, RMR |
| 15 | Official Federal Court Reporter |
| 16 | 1550 Main Street, Room 536 |
| 17 | Springfield, MA 01103 |
| 18 | (413) 731-0086 |
| 19 | alice.moran@verizon.net |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

PDF created with pdfFactory trial version www.pdffactory.com